IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON HIBBERT,<br><br>   Petitioner,<br><br> vs.<br><br>KEVIN CHAPPELL, Warden,<br><br>   Respondent. | No. C 13-00300 EJD (PR)<br><br>ORDER TO SHOW CAUSE |

  Petitioner, a California prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the forfeiture of good time credits while incarcerated at San Quentin State Prison. Petitioner has paid the filing fee.

**DISCUSSION**

A. <u>Standard of Review</u>

  This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

Order to Show Cause
00300Hibbert_osc(rvr).wpd

1  applicant or person detained is not entitled thereto." Id. § 2243.

2  B.  Legal Claims

3  Petitioner challenges the loss of credits related to the disciplinary finding where he was found to be in possession of a cell phone. Petitioner contends that he was charged with a serious rule violation when he only should have been charged with an administrative violation and that as he had a cellmate, the cell phone could have belonged to the cellmate. Liberally construed, Petitioner's claim regarding the phone perhaps belonging to the cellmate appears colorable under § 2254 as a sufficiency of the evidence claim.

However, Petitioner's first claims is DISMISSED as it only involves a question of state law concerning how he should have been charged which fails to state a federal habeas claim. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).

**CONCLUSION**

For the foregoing reasons,

1  The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2.  Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

///

1	If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3.	Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4.	Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED: 3/1/2013

EDWARD J. DAVILA
United States District Judge

Order to Show Cause
00300Hibbert_osc(rvr).wpd                    3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BYRON HIBBERT,

    Petitioner,

vs.

KEVIN CHAPPELL, Warden,

    Respondent.

Case Number CV 13-00300 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____3/1/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Byron Hibbert**
H-76489
San Quentin State Prison
San Quentin, CA 94964

DATED: _____3/1/2013_____
                        Richard W. Wieking, Clerk
                    /s/ By: Elizabeth Garcia, Deputy Clerk